IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-281-FL

EDDIE F. POWELL, )
)
    Plaintiff, )
)
    v. )
)
NASH COUNTY DEPARTMENT OF )
SOCIAL SERVICES and WANDA T. )
WILLIAMS, )
)
    Defendants. )

**ORDER AND MEMORANDUM & RECOMMENDATION**

This pro se case is before the court on the application [DE #1] by plaintiff Eddie F. Powell ("Plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons stated below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks

omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Plaintiff's application to proceed *in forma pauperis* is, therefore, ALLOWED.

## DISCUSSION

I. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff's complaint, filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, asserts constitutional violations and conspiracies against the mother of his minor child and Nash County Department of Social Services ("DSS"). The complaint states that Defendants violated Plaintiff's Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights without further elaboration. Plaintiff also asserts claims against both defendants for malicious prosecution, emotional distress, and libel per se. Plaintiff requests relief in the form of money damages. The same day the instant complaint was filed, Plaintiff filed a separate action against Defendant Williams regarding related child custody proceedings.

3

### III. Minor's Name

At the outset, the court notes that Plaintiff's IFP application includes the minor child's full name in violation of Federal Rule of Civil Procedure 5.2(a)(3) and this court's Local Civil Rules. This is a ground to strike Plaintiff's complaint and require Plaintiff to re-file his IFP application after having made the appropriate redactions. However, in consideration of judicial efficiency, the court, in its discretion, directs the clerk to redact the minor child's name from Plaintiff's IFP application.

### IV. Nash County Department of Social Services

The Nash County Department of Social Services is an improper defendant under §§ 1983, 1985, and 1986. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). North Carolina General Statute § 153A-11 provides that the county is the legal entity that can sue and be sued. There is no corresponding statute allowing suit against a county's DSS. In the absence of a statute, North Carolina law provides "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (1954).

Here, Plaintiff's claims against Nash County DSS must be dismissed given that it is an agency or department of Nash County and does not have the legal

capacity to be sued. *See Malloy v. Durham County Department of Social Services*, 58 N.C. App. 61, 66, 293 S.E.2d 285, 289 (1982).

## V. Defendant Williams

Williams is not a proper defendant under § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. In order to properly state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Acting "under color of state law" requires a defendant to exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. The element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Williams is the mother of Plaintiff's minor child. Plaintiff alleges that she took out false charges against him for felony child abuse that were later dismissed by the Nash County District Court due to lack of evidence. However, the facts alleged by Plaintiff demonstrate that Williams was acting as a private person and her conduct was not "clothed with the authority of state law." Therefore, she is not

5

a proper defendant under § 1983, and this claim should be dismissed as frivolous or for failure to state a claim upon which relief may be granted.

## VI. 42 U.S.C. §§ 1985 and 1986

It is unclear which subsection under which Plaintiff is trying to proceed in his § 1985 claim. Generally, a cause of action exists under § 1985 where two or more people conspire to interfere with an individual's civil rights. 42 U.S.C. § 1985. The Fourth Circuit has stated that "the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

Section 1986 provides a cause of action against any party with knowledge of a conspiracy in violation of § 1985 who fails to take action to prevent the violation. 42 U.S.C. § 1986. "Viability of a § 1986 claim is based on the antecedent § 1985 claim." *Savage v. N.C. Dep't of Corr.*, No. 5:06-CV-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985).

In the instant case, Plaintiff has failed to bring claims against two or more proper defendants or provide facts showing any "meeting of the minds." Thus, Plaintiff's claim under § 1985 should be dismissed as frivolous or for failure to state a claim upon which relief may be granted. Furthermore, because Plaintiff's § 1986 claim is dependent upon his § 1985 claim, the § 1986 claim should also be dismissed.

6

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED as frivolous or for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 21st day of July 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge