IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-281-FL

| | | |
|---|---|---|
| EDDIE F. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| NASH COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES and WANDA T. | ) | |
| WILLIAMS, | ) | |
| | | |
| Defendant. | | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Kimberly A. Swank, (DE 3), upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). It is recommended therein that the court dismiss plaintiff's complaint as frivolous. Plaintiff responded to the M&R not with any objection, but rather through the form of his original complaint, separately filed July 22, 2014, which complaint again has been reviewed. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge and dismiss plaintiff's suit as frivolous.

**BACKGROUND**

The background of this case is similar to the one brought by plaintiff solely against Wanda T. Williams, court file no.: 5:14-cv-282 (E.D.N.C.), which recently concluded in judgment of dismissal. Reference is made to that court file for additional background information. In this complaint, also filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, plaintiff asserts unspecified

constitutional violations and conspiracies against Wanda T. Williams ("Williams"),the mother of his child, and Nash County Department of Social Services ("DSS"). In addition to asserted constitutional violations, plaintiffs claims for malicious prosecution, emotional distress, and libel per se. Plaintiff seeks money damages.

On July 22, 2014, M&R and order was entered describing improprieties with respect to each defendant. DSS does not have the legal capacity to be sued. Williams's status as a private person defeats any § 1983 claim, and, with respect to claims under 42 U.S.C. §§ 1985 and 1986, the magistrate judge highlights such defects in pleading that these claims also must be dismissed. For these reasons, the magistrate judge recommends that plaintiff's complaint be dismissed as frivolous.

## COURT'S DISCUSSION

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court, after carefully reviewing the M&R and the record, finds the analysis in the M&R to be thorough and cogent, and adopts it in full. The court is required to dismiss all or part

2

of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v.Williams, 490 U.S. 319, 325 (1989).

The complaint in this case is deficient, and must be dismissed where, for reasons described, defendant DSS is not a proper defendant. Similarly, the individual defendant cannot be the subject of an action under § 1983, under the circumstances presented, and plaintiff's pleading, as to remaining clams under 42 U.S.C. §§ 1985 and 1986, and any separately asserted constitutional violation, is so patently defective as to render dismissal necessary. While not minimizing plaintiff's expressed concerns about family issues arising, on these grounds, this federal lawsuit must be dismissed.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R in full, and DISMISSES plaintiff's complaint (DE 1) pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED, this the 14th day of August, 2014.


LOUISE W. FLANAGAN
United States District Judge

3